IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MYRON ATRICE PAYNE,   No. CIV S-09-2727-LKK-CMK-P

    Plaintiff,

  vs.   ORDER

G. BRACKETT, et al.,

    Defendants.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) plaintiff's motion for leave to amend (Doc. 15); (2) plaintiff's "Declaration for Entry of Default" (Doc. 16); and (3) plaintiff's request for an order for service of his complaint (Doc. 17).

        This action currently proceeds on the original complaint, filed on September 9, 2009. The original complaint alleges events occurring between June 2008 and October 2008 and names 26 individual defendants. In his motion to amend, plaintiff seeks to amend the complaint "to add additional defendants and claims." The request, which itself is styled as an amended complaint, alleges events occurring between July 2009 and January 2010. Ten different individuals are listed as defendants. It appears that plaintiff intends his original September 2009

1

pleading and the additional allegations set forth in the request to amend to constitute his complete complaint in this matter.

Initially, the court observes that leave of court to amend is not necessary as long as an amendment is filed within 21 days of service of the pleading to be amended, or within 21 days of service of a responsive pleading or specified motion under Rule 12. Because the court has not issued any order requiring a responsive pleading, plaintiff may amend without court order to do so.

However, the court cannot refer to multiple documents in order to make plaintiff's complaint complete. Instead, plaintiff must file a single amended complaint setting forth all claims as against all defendants. Plaintiff will be provided an opportunity to file a single amended complaint. In doing so, plaintiff should keep Federal Rule of Civil Procedure 8 in mind. This rule requires a short and plain statement of plaintiff's claims. Currently, in both the original complaint and plaintiff's additional pleading, plaintiff's claims are set forth over hundreds of pages of factual allegations and attached exhibits. Plaintiff is cautioned that failure to file a single amended complaint within the time provided by this order will result in the action proceeding on the original September 9, 2009, complaint.

Turning to plaintiff's request for default, plaintiff states that "court files and records therein should show that the defendants were served by the United States Marshal with a copy of the summons, and a copy of the plaintiff's complaint, shortly thereafter." Contrary to plaintiff's assertion, the docket does not reflect service by the United States Marshal, nor could it because the court has not yet issued an order determining that service is appropriate. Therefore, this request will be denied.

Finally, plaintiff's request for an order for service of the complaint will be denied. Plaintiff is advised that, once a single pleading is filed, the court will issue a screening order. If appropriate, the court will direct service. This process is automatic and does not require a request from plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (Doc. 15) is denied as unnecessary;

2. Plaintiff's motion for entry of default (Doc. 16) is denied;

3. Plaintiff's motion for an order directing service of the action (Doc. 17) is denied; and

4. Plaintiff may file a single amended complaint within 30 days of the date of this order.

DATED: May 6, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE